**CHARLES BESELER CO. et al. v. J. Y. TAYLOR & CO. et al.**

Civ. No. 4419.

United States District Court
N. D. Texas, Dallas Division.

March 7, 1952.

Granville M. Pine, Hobart N. Durham, New York City, Locke, Locke & Purnell,

and James J. Laney, Dallas, Tex., for plaintiffs.

William Campbell, Dallas, Tex., Browning & Simms, Houston, Tex., for defendants.

ATWELL, Chief Judge.

### Suit for Infringement.

The plaintiffs seek an injunction and damages against the defendants for alleged infringement of a patent No. 2,555,402, granted on June 5, 1951, to Field.

The defendants deny infringement, plead anticipation, and question the validity of the patent.

The patent relates to a housed opaque projector which does away with the outside pointed and affords an electric signal.

In passing upon the interesting testimony, and after witnessing the functioning of both the plaintiffs' projector, and the defendants' projectors, as well as taking into consideration prior art, the case must be ruled with the thoughts in mind that

■ (a) The issuance of a patent is prima facie evidence of novelty and utility.

■ (b) In infringement cases, the burden rests on the plaintiff to establish infringement, but, the burden is on the defendant to demonstrate illegality of patent claims.

■ (c) In an infringement case, reasonable doubt must be resolved in favor of the claim for which the patent was issued.

■ (d) The subject matter of a patent must be new and useful. It must call for an exercise of the inventive, or, creative function of the mind, as distinguished from the mere exercise of knowledge and judgment expected of those skilled in the particular art. This is true whether the invention claimed consists of an entire machine, or, improvement of a machine, or, a combination of several mechanical powers. Patent rights of this sort are given to inventors of some new and useful machine, or, some new and useful improvement thereof.

■ (e) Changes of shape, or, form, to produce new functions and results, must be patentable; but patentable novelty includes more than mere changes of prior inventions, since the changes must amount to invention; mere novelty of form is insufficient.

■ (f) Novelty may reside in the arrangement, or, combination of old elements whereby an advantageous result is accomplished.

■ (g) Anticipation prevents invention, if before the date when the patentee made it. Such invention may consist of prior patents, or, publications, and it is of no consequence that the patentee made the invention by his own efforts and thoughts and in ignorance of prior invention of another, since prior invention is what controls.

■ (h) Test of process infringement is not similarity of apparatus, but whether the process is utilized.

■ (i) Claims cover only what is both described and claimed.

■ (j) Where art advanced by series of inventions so that no one can claim complete whole, each is entitled to specific form which he produces, and which differs from competitors' productions.

Reading the specifications of the plaintiffs' patent, together with claims 1 and 3, which are relied upon by the plaintiffs, we discover the plaintiffs' exhibit as offered in testimony. It includes a complete housing of lights and reflecting mirrors, and a bed upon which the opaque object is placed for projection, and an outside knob for the operation of a pointed arrow to follow the object as it is thrown upon the screen so that the operator may devote his entire attention as he explains the object to the students, or, the interested parties, thus doing away with the nervousness of a handheld pointer and the other defects of such pointing.

I find as facts:

That the plaintiffs own the patent sued upon. That they have been producing for a number of years, a projector. That they had in their employ the patentee, Field, who, at their suggestion, sought to work out, and did work out, the inclusion within

the housing of the mechanism which made the pointing arrow on the screen perfect.

This method was shown at a large meeting of interested parties the latter part of July, 1950, in Chicago. The defendant Taylor was there at that meeting and saw the exhibition, and the machine in operation. Late in the following November of 1950, Taylor produced and caused to be produced, the infringing machines which have been on exhibition in testimony in this court. Those machines, instead of using an arrow, use a dot. Both the dot and the arrow are light which streams through an opening in a cylinder and is then propelled by a series of reflectors.

I also find as a fact that statutory notice of alleged infringement was given by the plaintiffs to the defendants. The plaintiffs are a partnership entity plus the individuals thereof. The defendant, Taylor and Company, is a partnership, and the other defendant is a corporation. The plaintiffs present a commercial success.

Neither the Nilsson patent, nor the Zeiss patent, which were not cited in the prior art by the patent department, anticipate the plaintiffs' invention.

As a conclusion of law, following the facts I have found, a decree of restraint must issue in favor of the plaintiffs, and for judgment in the sum of $13,700.